## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THE STATE OF SOUTH CAROLINA,** | § | |
| **by and through THE SOUTH CAROLINA** | § | |
| **COMMISSION FOR THE BLIND,** | § | |
| **For itself and on behalf of Donald Johnson,** | § | |
| **and DONALD JOHNSON,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Case No.:** 5:19-cv-18 |
| | § | |
| **THE UNITED STATES OF AMERICA,** | § | |
| **by and through the HONORABLE PATRICK** | § | |
| **SHANAHAN, Acting Secretary of Defense; the** | § | |
| **HONORABLE MARK ESPER, Secretary** | § | |
| **of the Army; and CONTRACTING OFFICER** | § | |
| **(Attention: GARY L. STEVENS), for ARMY** | § | |
| **SOLICITATION No. W9124J-17-R-0054** | § | |
| | § | |
| *Defendants*. | § | |

## VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**NOW COME** Plaintiffs, the STATE OF SOUTH CAROLINA, by and through the South

Carolina Commission for the Blind, for itself and on behalf of Donald Johnson, and

Donald Johnson (collectively "Plaintiffs" or "South Carolina") and file this *Complaint for*

*Temporary Restraining Order and Injunctive Relief* seeking to enjoin Defendant, THE

UNITED STATES OF AMERICA, from proceeding with any actions under Solicitation No.

W9124J-17-R-0054 for full food service at Fort Jackson, Columbia, South Carolina, until

such time as the arbitration proceeding initiated by South Carolina pursuant to the

Randolph-Sheppard Act, 20 U.S.C. § 107 *et seq.* (the "Act" or "RSA") is concluded.

The parties have conferred and counsel has been informed by the Department of Justice that due to the partial government shutdown, scheduling a hearing will be more difficult.  If Defendant will not award the contract to a party other than Plaintiff in the interim, Plaintiff can accommodate Defendant's schedule and will request a hearing on its motion for temporary restraining order during the week of January 14, 2019.

In support of this Complaint, Plaintiffs respectfully show the following:

## I.
## PARTIES

1.      Plaintiff, the STATE OF SOUTH CAROLINA, by and through the South Carolina Commission for the Blind ("South Carolina"), is a South Carolina state agency and the State Licensing Agency ("SLA") under the Randolph-Sheppard Act, 20 U.S.C. §§ 107 *et seq.* (the "Act") and its implementing regulations.  Plaintiff Donald Johnson is the licensed blind vendor currently operating the Fort Jackson contract.

2.      Defendant, the UNITED STATES OF AMERICA, is acting by and through the Honorable Patrick Shanahan, Acting Secretary of Defense, and the Honorable Mark Esper, Secretary of the Army.  Secretaries Shanahan and Esper, are acting by and through Gary L. Stevens, the Contracting Officer assigned to this procurement. Secretaries Shanahan and Esper may be served with a copy of the summons and the instant Complaint upon the United States Attorney General at Washington, District of Columbia via certified mail and delivering same to the United States Attorney for the

District of South Carolina.  The Contracting Officer, Gary L. Stevens, can be served at

Ft. Sam Houston, 2205 Infantry Post Road, JBSA Fort Sam Houston, TX 78234.

## II.
## JURISDICTION

3.    As recently affirmed by the Tenth Circuit, jurisdiction is proper in this

Court under 28 U.S.C. §§ 1346, 1331 (arising from the Randolph-Sheppard Vending

Facility Act, 20 U.S.C. §§ 107 *et seq.*) and 5 U.S.C. §§ 701 *et seq.* (judicial review

of federal agency action).  *See Kansas v. SourceAmerica*, 874 F.3d 1226, 1251 (10th

Cir. 2017).  Additionally, this Court has jurisdiction under the All Writs Act, which

empowers the federal courts to "issue all writs necessary or appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. §

1651.

4.    Although South Carolina has initiated an arbitration proceeding against

Defendant pursuant to the Act, this arbitration does not act as a bar to this Court's

jurisdiction over the issues presented in this Complaint. *See Kentucky v. United States,*

*ex rel. Hagel*, 759 F.3d 588, 597-599 (6th Cir. 2014) (finding that completing arbitration

under the RSA is not a jurisdictional prerequisite). Additionally, failure to complete the

arbitration before the filing of this Complaint is not a jurisdictional prerequisite either. *Id.*

at 599-600.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a

substantial part of the events giving rise to this action occurred in the Western District

of Texas. Specifically, the Contracting Officer for the contract at issue, Gary L. Stevens,

is located at Ft. Sam Houston, 2205 Infantry Post Road, JBSA Fort Sam Houston, TX 78234.

### III.
### NATURE OF THE CASE

6.       The Randolph-Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq.* ("RSA") was passed by Congress to provide blind persons with gainful employment and to enlarge their economic opportunities. *See* 20 U.S.C. §§ 107(a)(describing the RSA's purpose and authorization).   Pursuant to the Act, federal agencies have an affirmative obligation to establish vending facilities for blind licensees on all federal property to the extent the facilities would not adversely affect the interests of the United States. *Id.* at § 107(b).

7.       In furtherance of these objectives, Congress mandated that priority be given to the appropriate State licensing agency and its licensed blind vendor on all contracts for cafeteria operation services on Federal property, including full food services at Fort Jackson. *See* 20 U.S.C. §§ 107(b).

8.       South Carolina Commission for the Blind (SCCB) is the incumbent contractor for the full food services contract at Fort Jackson.  Donald Johnson is the blind vendor, licensed by SCCB and assigned to operate the contract at Fort Jackson.

9.       Defendants issued Solicitation No. W9124J-17-R-0054 (the "Solicitation") to replace the existing full food services contract at Fort Jackson.   SCCB responded to the Solicitation.  Pursuant to the Act, if the bid of SCCB is judged by Defendants to be within the competitive range, the contract should be awarded to SCCB unless somehow

the award of the contract to SCCB would adversely affect the interests of the United States.  On December 21, 2018, SCCB was informed by the contracting officer, Gary L. Stevens, that SCCB's proposal was acceptable and included in the competitive range.  A copy of the competitive range determination is attached to this Complaint as Exhibit A.

10.    The Solicitation defines Competitive Range to mean the proposal is reasonably priced.  The Solicitation provides that it is subject to the RSA and if SCCB is determined to be within the competitive range, then SCCB will be afforded the priority under the Randolph-Sheppard Act as implemented by the Army in AR210-25.

11.    As the incumbent contractor, there is no question that SCCB has the capacity to operate this particular cafeteria contract, and as the bid price for the Solicitation is less than the current costs of providing comparable services in the current contract, there is no question that the reasonable costs found by the Army in SCCB's proposal for the new contract are comparable to the reasonable costs incurred by the Army to currently feed the troops at Fort Jackson under the current contract.  However, the Army has informed SCCB that the reason the contract has not been awarded yet is because the Army would like SCCB to further reduce its price below the reasonable cost which SCCB currently proposes.  It is a violation of the Act to require South Carolina to reduce its bid below a reasonable cost in order to secure the contract.

12.    On information and belief, the Army has not, and cannot justify its refusal to make award to other than SCCB by determining that such award would adversely affect the interests of the United States.  Additionally, the Army has not solicited nor secured the determination of the Department of Education that such an award would

5

adversely affect the interests of the United States as required by the Act.  As such, the Randolph-Sheppard Act requires the award of the Full Food Services Contract at Fort Jackson to SCCB.

13.     The Act provides that if SCCB determines that Defendants are failing to comply with the provisions of the Act, SCCB may file a complaint for arbitration with the Secretary of Education.  By letter dated January 7, 2019, SCCB initiated its complaint for arbitration challenging the Defendants' failure to award the Randolph-Sheppard contract at Fort Jackson despite SCCB having submitted a bid within the competitive range.  A copy of the letter initiating the arbitration process is attached to this Complaint as Exhibit B.

14.     With this Complaint, South Carolina seeks to enjoin Defendants from awarding the Fort Jackson contract to other than SCCB until the arbitration proceeding is concluded.

## IV.
## FACTUAL AND PROCEDURAL BACKGROUND

**A.     Randolph-Sheppard Act.**

15.     The Randolph-Sheppard Vending Facility Act, 20 U.S.C. §§ 107 *et seq.* was passed by Congress to provide blind persons with gainful employment and to enlarge their economic opportunities. The Secretary of the United States Department of Education is the federal agency charged with implementing the RSA and ensuring that all executive agencies comply with same. *See* 20 U.S.C. § 107a(a).

16.     Pursuant to the RSA, federal agencies have an affirmative obligation to establish vending facilities for blind licensees on all federal property, such as the military dining facilities on Fort Jackson, to the extent the Randolph-Sheppard facilities would not adversely affect the interests of the United States.  *See* 20 U.S.C. § 107(b).

17.     Under the Act, each state has a State licensing agency appointed to establish vending facility programs for the blind, including training and licensing qualified vendors to manage cafeteria operation services on Federal property. 20 U.S.C. § 107a(b).  The State licensing agency for South Carolina is SCCB.

18.     The Act allows Defendants to directly negotiate with SCCB for dining facilities contracts without competitive procurement. If direct negotiations are not conducted, then the Act requires Defendants to conduct a solicitation pursuant to the competitive provisions of the Act to determine if the operations can be provided at a reasonable cost with food of a high quality when compared to that currently provided. *See* 34 C.F.R. §§ 395.33(a); (d).

19.     If the SLA provides a proposal judged to be within a competitive range, then the executive agency must award the contract to the SLA, subject to the limited exception that the award would not adversely affect the interests of the United States. *See* 34 C.F.R. §§ 395.33(b); *see also* Army Regulation 210-25.  This means that the SLA must know how to perform the contract and that the price is reasonable, *i.e.*, within the competitive range.  The Army has already determined that SCCB's proposal provides a reasonable cost within the competitive range.  The Army has also determined that SCCB's proposal is technically acceptable, and as the incumbent contractor, there is no

question that SCCB has the capacity to operate this particular cafeteria contract.  It is a violation of the Act to deny the award of a contract when the SLA can perform the contract at a reasonable cost.

20.     Additionally, the Army cannot eliminate SCCB from the contract award unless it receives the approval of the Secretary of Education that such award would be adverse to the interests of the United States.  *See* 20 U.S.C. § 107(b); 34 C.F.R. § 395.33(a). In the end, it is the Secretary of Education who ultimately determines that such award would be adverse to the interests of the United States.  The Army was required to consult the Secretary of Education on the Act's priority, but it did not.  Now that South Carolina has initiated arbitration, this determination will be made by the arbitration panel.

**B.**    **Solicitation.**

21.     Defendants issued a procurement for full food services at Fort Jackson under the Solicitation.  SCCB is the incumbent contractor at Fort Jackson for these food services.  It responded to the Solicitation, and on December 21, 2018 was informed by the contracting officer, Gary L. Stevens, that SCCB's proposal was determined to be acceptable and was included in the competitive range.  However, Defendants have not awarded the Fort Jackson contract to SCCB.

**C.**    **Arbitration Demand.**

22.     By letter dated January 7, 2019, SCCB initiated the required arbitration by filing a request for arbitration with the United States Department of Education, Rehabilitation Services Administration.  This initial arbitration demand challenged

Defendants' failure to award the full food services at Fort Jackson despite the determination that SCCB's proposal was acceptable and within the competitive range.

**V.**
**COUNT I:**
**South Carolina is Entitled to Injunctive Relief Based on**
**Clear and Prejudicial Violations of the Randolph-Sheppard Act.**

23. South Carolina is entitled to injunctive relief enjoining Defendants from proceeding with the follow-on procurement while the arbitration is pending before the Department of Education.

24. In deciding whether to grant a temporary restraining order and preliminary injunction, the Court considers four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause harm to others; and (4) the impact of an injunction upon the public interest. *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016); *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015); *Att'y Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). No single factor is dispositive. Trial courts are to balance the four factors and not consider them prerequisites to the issuance of a temporary restraining order or preliminary injunction.

25. A plaintiff "may be protected against future harm not yet realized through a prospective injunction." *M. D. by Stukenberg v. Abbott*, 18-40057, -- F.3d --, 2018 WL 5077784, at *10 (5th Cir. Oct. 18, 2018) (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (stating that "[i]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet

had happened to them[,]" and "a remedy for unsafe conditions need not await a tragic event"); *Hoptowit v. Spellman*, 753 F.2d 779, 783–84 (9th Cir. 1985); *Gates v. Collier*, 501 F.2d 1291, 1304 (5th Cir. 1974)).  It is "not necessary that a wrongful act have been actually committed before a court of equity will interfere, since if this were required it would in most cases defeat the very purpose for which the relief is sought, by allowing the commission of the act that the complainant seeks to restrain."  43A C.J.S. Injunctions § 49.  Federal district courts have authority to enjoin future conduct when the facts show that a "future breach is threatened" or there is conduct that "indicates future noncompliance" with a controlling rule or standard.  *Westmoreland Coal Co., Inc. v. Intl. Union, United Mine Workers of Am.*, 910 F.2d 130, 138 (4th Cir. 1990); *accord* Restatement (Second) of Torts § 933 (1979) (injunction may issue where there is "action or inaction that, under the circumstances, shows that there is a dangerous probability that [the defendant] will commit a tort").

### 1.    *South Carolina is Likely to Succeed on the Merits of the Arbitration*.

26.    South Carolina is likely to prevail on the merits of the arbitration. The violations of the Randolph-Sheppard Act are clear and are proven by a careful reading of the Solicitation and the undisputed actions of the Defendants.

### a.    *Improper failure to award contract.*

27.    SCCB was entitled to the award of the food service contract at Fort Jackson when its proposal was found to be acceptable, reasonably priced, and within the competitive range.  Defendants' failure to award SCCB the contract is a violation of the Act.

28.     The Solicitation defines Competitive Range to mean the proposal is reasonably priced.  The Solicitation provides that it is subject to the RSA and if SCCB is determined to be within the competitive range, then SCCB will be afforded the priority under the Randolph-Sheppard Act as implemented by the Army in AR210-25.

29.     AR210-25 is the Army's implementation of the RSA and provides in pertinent part:

6.  Requirements and operating procedures

b.(1)(b) If the State Licensing Agency submits a proposal and it is within the competitive range established by the Contracting Officer, the Contract will be awarded to the State Licensing Agency except as provided in subparagraph (c), below.

(c) The Contracting Officer may award to other than the State Licensing Agency when the onsite official determines that award to the State Licensing Agency would adversely affect the interests of the United States and the Secretary, DE approves the determination, or with the onsite official determined [after conferring with the appropriate Army departments] and the Secretary, DE agrees, that the blind vendor did not have the capacity to operate a cafeteria in such a manner as to provide food service at a comparable cost and of comparable high quality to that available from other providers of cafeteria services.

30.     SCCB obviously has the capacity to operate this cafeteria in such a manner as to provide food services at a comparable cost and comparable high quality because it has done so for years. As the incumbent contractor, its proposed high quality service is comparable to that which it has provided for years.

31.     The Army regulations incorporated into this Solicitation closely follow the Randolph-Sheppard Act and its implementing regulations. 20 U.S.C. § 107d-3(e) states:

**(e) Regulations establishing priority for operation of cafeterias:**

The Secretary, through the Commissioner [of the Rehabilitation Service Administration], shall prescribe regulations to establish a priority for operation of cafeterias on federal property by blind licensees when he determines, on an individual basis and after consultation with the head of the appropriate installation, that such operation can be provided at a reasonable cost with food of a high quality comparable to that currently provided to employees, whether by contract of otherwise.

32.     Pursuant to not only the Act, but the Army's own regulations, SCCB's proposal was judged by the Army to have a reasonable cost and its proposal was deemed acceptable and in the competitive range.  The Army is not allowed to demand a price less than the reasonable price proposed by SCCB.  Because the contracting officer found SCCB's proposal to be acceptable, SCCB satisfied the criteria of AR 210-25 6.b.(1)(b), which triggered an obligation of the contracting officer to either award the contract to the SCCB or obtain the Secretary of Education's concurrence that one of the exceptions applies.  The contracting officer has done neither.

33.     The failure to award the Fort Jackson contract to SCCB is a violation of the Act.  For this reason alone, SCCB is likely to prevail on the merits at the Arbitration.

    b.     *Failure to properly consult with the Secretary of Education as required by the RSA and its implementing regulations.*

34.     The regulation promulgated pursuant to 20 U.S.C. § 107d-3(e) to establish this statutory priority for blind licensees is 34 C.F.R. § 395.33(a) which states, in relevant part, as follows:

**Section 395.33.  Operation of Cafeterias by Blind Vendors.**

(a) Priority and operation of cafeterias by blind vendors on federal property shall be afforded when the Secretary determines, on an individual basis, and after consultation with the appropriate property managing department,

12

agency or instrumentality, that such operation can be provided at a reasonable cost, with food of a high quality comparable to that currently provided employees, whether by contract of otherwise.

35.    The Act provides that any limitations on the operation of an existing cafeteria by SCCB must be based on a finding that such continued operation would adversely affect the interest of the Unites States.  20 U.S.C. § 107(b)(2).  Whether such a limitation is necessary must be reviewed and resolved solely by the Secretary of Education, not the procuring agency which only serves in an advisory role.

36.    Here, Defendants did not provide a written justification nor secure a determination by the Secretary of Education to justify its failure to award the new full food service contract at Fort Jackson to SCCB.  This is a violation of the Randolph-Sheppard Act.  For this reason also, South Carolina will be successful on the merits.

   **2.    *South Carolina and its Blind Vendor will Suffer Irreparable Harm if the Injunction is not Issued.***

37.    South Carolina will be irreparably harmed should Defendants proceed with this procurement before South Carolina has an opportunity to pursue its arbitration rights under the RSA. The full food service contract at Fort Jackson represents the only significant source of revenue for South Carolina's blind vendor, Donald Johnson.  It is his only business.

38.    Sovereign immunity bars an award to South Carolina for monetary damages for a violation of the RSA. Therefore, South Carolina has no recourse if it is not able to enjoin Defendants from proceeding with this procurement pending the outcome of

the arbitration. *Kansas v. SourceAmerica*, 874 F.3d 1226, 1251 (10th Cir. 2017); *Kentucky v. United States, ex rel. Hagel*, 759 F.3d 588, 599-600 (6th Cir. 2014).

39.     Additionally, South Carolina will suffer irreparable harm that cannot be compensated in money damages should Defendants proceed with this procurement before the DOE arbitration proceeding is concluded. Should the procurement proceed, SCCB will lose its status as the incumbent contractor and will also lose a substantial number of team members from its team of workers currently performing under the incumbent contract.  Loss of incumbent status constitutes irreparable harm.

40.     SCCB will also suffer irreparable harm by being denied the contract priority right that Congress established for it under the RSA. The denial of this right cannot be fully compensated by money damages. Furthermore, public policy favors economic stability and opportunities for the blind, matters not otherwise compensable by monetary damages.

41.     Such loss of profit from a lost opportunity to obtain a federal contract because of wrongful Government action by itself is sufficient to constitute irreparable harm.  *Hospital Klean of Texas, Inc. v. United States*, 65 Fed. Ct. 618, 627 (2005).  In *Kansas v. United States*, 171 F.supp. 3d 1145, 1155, 1157 (D. Kansas 2016), the blind manager's loss of his job was considered to constitute irreparable harm.  Because "adequate compensatory or other corrective relief" will not be available, this factor weighs toward a finding of irreparable harm.  *Id.* at 1157, *quoting Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958).

14

**3.    Granting the injunction will not cause harm to others.**

42.    There will not be substantial harm to Defendants or others during the time a temporary restraining order and preliminary injunction is in effect. SCCB can and will continue to provide all required full food services at Fort Jackson until such time as the DOE arbitration concludes and will do so under the terms of the incumbent contract.

43.    This does not prejudice Defendants or require that Defendants violate other procurement laws since the Act expressly permits Defendants to enter into direct negotiations with SCCB for continued services, if necessary. *See* 34 C.F.R. § 395.33(d).

**4.    Impact of an injunction upon the public interest.**

44.    The impact on the public's interest is adverse only if a preliminary injunction is not issued. During the time an injunction is in place, the immediate "public", that is, Defendants, will continue to receive the same full food services from South Carolina that it currently receives. Benefits to the wider public would continue to be served during the time an injunction is in effect, as the purposes of the Randolph-Sheppard Act to provide gainful employment for qualified blind vendors would continue to be fulfilled.

45.    Furthermore, the public interest is met by allowing South Carolina the time necessary to resolve its dispute with Defendants through the arbitration procedure mandated by Congress under the RSA. Here, the only effect of granting a temporary restraining order and preliminary injunction will be to preserve the status quo pending the outcome of the arbitration with Defendants. Thus, all the equities and other relevant factors weigh heavily in favor of granting the requested injunction. South Carolina has

everything to lose if this relief is not granted, but Defendants will lose nothing if an injunction is granted.

46.     For the foregoing reasons, South Carolina respectfully submits that no bond or security is necessary for a Temporary Restraining Order and Preliminary Injunction to issue and requests that such requirement under Fed. R. Civ. Proc. 65(c) be waived.

## COUNT II:
## All Writs Act.

47.     Plaintiffs alternatively seek a preliminary injunction under the All Writs Act.  *See V.N.A. of Greater Tift Cty., Inc. v. Heckler*, 711 F.2d 1020 (10th Cir. 1983). The All Writs Act empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651. This expansive grant of authority includes a "limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through prescribed channels." *Arrow Transp. Co.*, 372 U.S. at 671 n. 22, 83 S. Ct. 984.

48.     This Court has jurisdiction to hear the appeal of the arbitration panel's decision or a final agency action under Chapter 7 of Title 5 pursuant to 20 U.S.C. § 107d-2.  An injunction is necessary to preserve this Court's jurisdiction and to maintain the status quo so irreparable harm is not suffered by South Carolina pending the decision of the arbitration panel.

49.     In order to justify the exercise of jurisdiction under the All Writs Act, the plaintiff must "make a showing of irreparable injury sufficient in kind and degree to

override these factors cutting against the general availability of preliminary injunctions . .

. ." *Sampson v. Murray*, 415 U.S. 61, 83-84, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974).

"The proper analysis adjusts the standard requirements for the requested preliminary

injunction in light of (1) whether refusal to grant the injunction will defeat the court's

review jurisdiction and (2) whether Congress intended to permit or to preclude a status

quo injunction." *V.N.A. of Greater Tift Cty., Inc.*, 711 F.2d 1020, 1029 (11th Cir. 1983),

*cert. denied*, 466 U.S. 936, 104 S. Ct. 1908, 80 L. Ed. 2d 457 (1984).

50.     As alleged in Paragraphs 22-45, South Carolina and the SCCB will suffer

irreparable harm if an injunction is not entered to maintain the status quo pending

arbitration.  Accordingly, Plaintiffs request injunctive relief under the All Writs Act.

## VI.
## PRAYER

Plaintiffs pray that an expedited hearing be held on this request for a temporary

restraining order and preliminary injunction and that this Court issue an injunction which:

1.     enjoins Defendants, its agencies and departments, from continuing
with the ongoing procurement activity identified in Solicitation No.
W9124J-17-R-0054, including the receipt of proposals, evaluation of
any proposals submitted in response to Solicitation No. W9124J-17-
R-0054, or making any contract award in connection with the
Solicitation until such time as the DOE arbitration proceeding
required by the Act is concluded, or SCCB is awarded the contract;
and

2.     Plaintiffs also request such other relief as this Court deems just and
appropriate.

Dated:    January 10, 2019

Respectfully Submitted,

*/s/ Peter A. Nolan*
Peter A. Nolan
Texas Bar No. 15062600
Winstead PC
401 Congress Avenue, Suite 2100
Austin, TX 78701
(512) 370-2800 F: (512) 370-2850
pnolan@winstead.com
**Attorney-In-Charge**

**Of Counsel:**
Peter E. Strenkowski
Texas Bar No. 24075127
Winstead PC
401 Congress Avenue, Suite 2100
Austin, TX 78701
pstrenkowski@winstead.com

**ATTORNEYS FOR PLAINTIFFS, THE STATE OF SOUTH CAROLINA, by and through THE SOUTH CAROLINA COMMISSION FOR THE BLIND, and DONALD JOHNSON**

## VERIFICATION

**STATE OF SOUTH CAROLINA**  §
                             §
**COUNTY OF  RICHLAND**       §


I, Marcellous Primus, of lawful age, being first duly sworn upon oath, depose, and state that I am the Director of the Business Enterprise Program for the South Carolina Commission for the Blind, and that the information in the Verified Complaint for Temporary Restraining Order and Injunctive Relief is true and correct.

Name:  Marcellous Primus

Title:  Director of the Business Enterprise Program


SUBSCRIBED AND SWORN to before me this 9th day of January, 2019.

Notary Public

10-1-2025